# STATE OF NORTH CAROLINA

File No.
22 SP 221

Orange County

FILED

2022 OCT 18 P 2:28

ORANGE CO., N.S.C.

BY_____

In The General Court of Justice
Superior Court Division

## SPECIAL PROCEEDINGS ACTION
## COVER SHEET

*Rule 5 (b), Rules of Practice for Superior and District Courts*

| | |
|---|---|
| *Name Of Petitioner 1*<br>Trustee Services of Carolina, LLC, Substitute Trustee | |
| *Name Of Petitioner 2* | |
| *Name of Petitioner 3* | |

### VERSUS

*Name And Address Of Attorney Or Party If Not Represented
(complete for initial appearance or change of address)*
Trustee Services of Carolina, LLC
c/o Brock & Scott, PLLC
5431 Oleander Drive
Wilmington, NC 28403

| | |
|---|---|
| *Name of Respondent 1*<br>CHRISTINA J HILLS | |
| *Summons Submitted*<br>☐Yes ☐No | |
| *Name of Respondent 2* | |
| *Summons Submitted*<br>☐Yes ☐ No | |
| *Name of Respondent 3* | |
| *Summons Submitted*<br>☐Yes ☐ No | |

| *Telephone No.*<br>910-392-4988 | *Cellular Telephone No.* |
|---|---|
| *NC Attorney Bar No.*<br>NCSB# 32346 | *Attorney Email Address* |
| ☒ Initial Appearance in Case | ☐ Change of Address |
| *Name of Firm*<br>Brock & Scott, PLLC | *FAX No.*<br>910-765-7001 |

*Counsel for*
☒ All Petitioners    ☐ All Respondents    ☐ Only: *(list party(ies) represented)*

## APPLICATION

*(check appropriate box)*

| | | | |
|---|---|---|---|
| ☐ | Add Additional Party (ADDP) | ☐ | Incompetency (INCM) |
| ☐ | Adoption (ADOP) | ☐ | Land Registration - Torrens Act (TORR) |
| ☐ | Appointing Guardian Ad Litem (AGAL) | ☐ | Legitimation (LGMT) |
| ☐ | Attorney Fees (ATFE) *No Motion Fee Assessed If Sole Claim* | ☐ | Lis Pendens (LISP) |
| ☐ | Boundary Settlement (BNDR) | ☐ | Minor's Estate - Disburse Funds (DFND) |
| ☐ | Cartway (CART) | ☐ | Minor's/Incompetent Person's Estate - Sale/Lease/Mortgage (MIES) |
| ☐ | Change of Venue (CHVN) | ☐ | Motor Vehicle Lien G.S. 44A (MVLN) |
| ☐ | Compel (CMPL) | ☐ | Name Change (NAME) |
| ☐ | Condemnation - Private Condemnor/Mill (CNDM) | ☐ | Partition (PART) |
| ☐ | Continue (CNTN) | ☐ | Petition To Sue As Indigent (OTHR) |
| ☐ | Costs (COST) *No Motion Fee Assessed If Sole Claim* | ☐ | Restoration To Competency (RTCO) |
| ☐ | Decedent's Estate - Sell Land To Create Assets (PESE) | ☐ | Sterilization (STRL) |
| ☐ | Decedent's Estate - Sell Personal Property (SLPS) | ☐ | To Determine Heirs (TDHE) |
| ☐ | Determine Owner Surplus Funds (DOSF) | ☐ | Transfer Of Title (TOTL) |
| ☐ | Dismiss (Involuntary) (DISM) | ☐ | Voluntary Dismissal (VOLD) |
| ☐ | Drainage - Individual/Corporation (DRNG) | ☐ | Year's Allowance - Spouse/Child (SSCA) |
| ☐ | Drainage District - Establishment (DRDS) | ☐ | Other *(specify)* |
| ☐ | Extension Of Time (EXTM) | | |
| ☐ | Foreclosure (FORE) | | |

| Date<br>10/14/22 | Signature of Attorney/Party |
|---|---|

**NOTE:** *All filings in special proceedings shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings the filing party must include either a Special Proceedings (AOC-SP-550), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

(Over)

AOC-SP-550, Rev. 5/19
© 2019 Administrative Office of the Courts

| No. | ☐ Additional Petitioner(s) |
|-----|----------------------------|
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |
|     |                            |

| No. | ☐ Additional Respondent(s) | Summons Submitted |
|-----|----------------------------|-------------------|
| 4   |                            | ☐ Yes    ☐ No     |
| 5   |                            | ☐ Yes    ☐ No     |
| 6   |                            | ☐ Yes    ☐ No     |
| 7   |                            | ☐ Yes    ☐ No     |
| 8   |                            | ☐ Yes    ☐ No     |
| 9   |                            | ☐ Yes    ☐ No     |
| 10  |                            | ☐ Yes    ☐ No     |
| 11  |                            | ☐ Yes    ☐ No     |
| 12  |                            | ☐ Yes    ☐ No     |
| 13  |                            | ☐ Yes    ☐ No     |
| 14  |                            | ☐ Yes    ☐ No     |
| 15  |                            | ☐ Yes    ☐ No     |
| 16  |                            | ☐ Yes    ☐ No     |

AOC-SP-550, Side Two, Rev 5/19
© 201* Administrative Office of the Courts

NORTH CAROLINA

ORANGE COUNTY

IN RE:

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
BEFORE THE CLERK

22 SP 221

FILED
2022 OCT 18 P 2: 25
ORANGE CO., C.S.C.

Clerk's Original

Foreclosure of Real Property Under Deed of Trust from
Christina J Hills, in the original amount of $223,000.00,
payable to Mutual Of Omaha Mortgage, Inc. f/k/a Synergy
One Lending, Inc., dated August 31, 2020 and recorded on
August 31, 2020 in Book 6676 at Page 844, Orange County
Registry
Trustee Services of Carolina, LLC, Substitute Trustee

**NOTICE OF HEARING**

File No.: 22-15339-FC01

To:     *CHRISTINA J HILLS*
        *ANY SPOUSE OF CHRISTINA J HILLS*
Property   *831 Royal Oak Ln*
Address:   *Mebane, NC 27302*

1.  **YOU ARE HEREBY NOTIFIED that the Clerk of Superior Court of Orange County shall
conduct a hearing pursuant to North Carolina General Statutes §45-21.16 with respect to the
foreclosure of certain real property hereinafter set forth.**

**The above hearing shall be conducted on *November 29, 2022* at *1:00PM* at:**

**Orange County Clerk of Court**
**Clerk's Hearing Room**
**106 E. Margaret Lane**
**Hillsborough, NC 27278**

2.  The name and address of the current holder of the above-described Deed of Trust and the indebtedness secured
thereby is: Mutual of Omaha Mortgage, Inc., 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047, hereinafter
"Holder".

3.  The Holder has instructed the said Substitute Trustee who has been appointed in a duly recorded instrument
in the above-described Deed of Trust to institute foreclosure proceedings, pursuant to the power of sale contained
therein, because of default, in the failure to make payments of principal and interest, under the Promissory Note
secured by said Deed of Trust.

4.  The Holder has accelerated the maturity of the debt secured by the above-described Deed of Trust.

5.  You have the right in accordance with North Carolina General Statutes Section 45-21.20 to terminate the
power of sale being exercised in this foreclosure proceeding if you pay in full, or tender payment in full, the
indebtedness secured by the Deed of Trust and the expenses incurred in this matter prior to the sale or prior to the
expiration of the time for submitting any upset bid after sale or resale has been held. You also have the right to
cure the default if allowed by the Deed of Trust.

The real property secured by the above-described Deed of Trust is located in the County of Orange, State of North
Carolina, and is more particularly described as follows:

 

Lying and being in the City of Mebane, Cheeks Township, ORANGE County, North Carolina and more particularly described as follows: All of Lot 35 in Havenstone, Phase 2B, as shown on the plats recorded in Plat Book 121, Page(s) 49-52 Orange County Registry, to which map reference is hereby made for a more particular description.

Save and except any releases, deeds of release or prior conveyances of record.

Said Property is commonly known as *831 Royal Oak Ln, Mebane, NC 27302.*

6. Any right of the debtor to pay the indebtedness or cure the default if such is permitted.

7. The Holder has confirmed in writing to the person giving the notice, or if the Holder has given the notice, the Holder has confirmed in the notice, that within 30 days of the date of the notice, the debtor was sent by First Class Mail at the debtor's last known address a written statement of the amount of principal and interest that the Holder claims in good faith is owed as of the date of the written statement, a daily interest charge based on the contract rate as of the date of the statement, and the amount of other expenses the Holder contends it is owed as of the date of the statement.

8. The Holder, or the servicer acting on the Holder's behalf, has confirmed in writing to the Substitute Trustee giving this notice that to the knowledge of the holder, or the servicer acting on the Holder's behalf, within the two years preceding the date of this notice, the debtor has <u>not</u> sent any "written requests for information regarding a dispute or error involving the debtor's account" (per NCGS 45-93) to the Holder or servicer.

9. You have the right to appear before the Clerk of Superior Court for Orange County at this hearing at which time you shall be afforded the opportunity to show cause as to why the foreclosure should not be allowed to proceed.

10. If the debtor does not intend to contest the creditor's allegations of default, the debtor does not have to appear at the hearing and that the debtor's failure to attend the hearing will not affect the debtor's right to pay the indebtedness and thereby prevent the proposed sale, or to attend the actual sale, should the debtor elect to do so.

11. That if the Debtor is currently on military duty the foreclosure may be prohibited by G.S. 45-21.12A.

12. The Trustee, or Substitute Trustee, is a neutral party and, while holding that position in the foreclosure proceeding, may not advocate for the secured creditor or for the debtor in the foreclosure proceeding.

13. The debtor has the right to apply to a judge of the superior court pursuant to G.S. 45-21.34 to enjoin the sale, upon any legal or equitable ground that the court may deem sufficient prior to the time that the rights of the parties to the sale or resale become fixed, provided that the debtor complies with the requirements of G.S. 45-21.34.

14. The debtor has the right to appear at the hearing and contest the evidence that the clerk is to consider under G.S. 45-21.16(d), and that to authorize the foreclosure the clerk must find the existence of: (i) valid debt of which the party seeking to foreclose is the Holder, (ii) default, (iii) right to foreclose under the DOT, (iv) notice to those entitled to notice, and (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b), or if the loan is a home loan under G.S. 45-101(1b), that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed, (vi) that it has been certified that the debtor is not subject to the protections provided to active duty servicemembers under G.S. 45-21.12A. If all these statutory requirements have been met then the clerk shall authorize the mortgagee or Trustee to proceed under the instrument, and the mortgagee or trustee can give notice of and conduct a sale pursuant to the provisions of this Article.

15. If the debtor fails to appear at the hearing, the Trustee will ask the clerk for an order to sell the Property being foreclosed.

16. The debtor has the right to seek the advice of an attorney and that free legal services may be available to the debtor by contacting Legal Aid of North Carolina or other legal services organizations.

17. If the foreclosure sale is consummated, the purchaser will be entitled to possession of the Property at the time of the delivery of his/her Deed, and if the prior record owner is still in possession at that time, that owner can be evicted.

18. The name and address of the Substitute Trustee are listed below.

19. You should keep the Substitute Trustee or Holder notified in writing of your address so that you may be mailed copies of the Notice of Sale setting forth the terms under which the sale will be held, as well as notice of any postponements of such sale or Notice of Resale.

20. The hearing may be held on a date later that stated in this Notice of Hearing, and you will be notified of any change in the hearing date.

21. The subject Property shall be sold by the Substitute Trustee or its agent at the usual and customary place designated for such sales at Orange County Courthouse, at a specified time and date, should this obligation not be earlier satisfied.

22. The filing party hereby certifies that the pre-foreclosure notice and information required by G.S. 45-102 and G.S. 45-103 were provided in all material respects and that the periods of time established by Article 11 of this Chapter have elapsed.

23. Irrespective of the requirements outlined in paragraph 22, the Substitute Trustee has confirmed that the notice required by G.S. 53-244.111(22) has been complied with.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU: ARE A DEBTOR IN AN ACTIVE BANKRUPTCY CASE; ARE UNDER THE PROTECTION OF A BANKRUPTCY STAY; OR, HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AND YOU HAVE NOT REAFFIRMED THE DEBT, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND SHOULD NOT BE CONSTRUED AS AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY.**

Respectfully submitted on: 10/14/22

Trustee Services of Carolina, LLC
Substitute Trustee
By: _____

Jeremy B. Wilkins , Attorney
Brock & Scott, PLLC
Attorneys for Trustee Services of Carolina, LLC
5431 Oleander Drive Suite 200
Wilmington, NC 28403
PHONE: (910) 392-4988
FAX: (910) 392-8587

# \*\*\* ALERT \*\*\*

Re:    Street       831 Royal Oak Ln
            Address:

YOUR HEARING IS SCHEDULED FOR THE DATE AND TIME AS SHOWN ON THE ATTACHED DOCUMENT. HOWEVER, THE HEARING MAY BE CONTINUED OR CANCELLED FOR A NUMBER OF REASONS – THEREFORE, PLEASE CALL OUR OFFICE TO CONFIRM THAT THE HEARING IS STILL SCHEDULED FOR THAT DATE AND TIME BEFORE ARRANGEMENTS ARE MADE TO ATTEND.

IF YOU ARE RESIDING IN THE ABOVE PROPERTY AS <u>YOUR PRINCIPAL RESIDENCE</u>…

PLEASE CONTACT OUR HOMEOWNER ASSISTANCE DEPARTMENT AS SOON AS POSSIBLE TO DISCUSS ANY <u>POSSIBLE ALTERNATIVES TO FORECLOSURE</u> THAT MIGHT BE AVAILABLE TO YOU.

e-mail: <u>ConsumerContact@BrockandScott.com</u>